**UNITED STATES of America,**
**Appellee,**

v.

**Santo A. GIORDANO, Appellant.**

**No. 786, Docket 35250.**

United States Court of Appeals,
Second Circuit.

Argued April 27, 1971.

Decided June 10, 1971.

Jerome Lewis, New York City, for appellant.

Edward R. Korman, Asst. U. S. Atty. (Edward R. Neaher, U. S. Atty. E. D. N. Y., David G. Trager, Asst. U. S. Atty., on the brief), for appellee.

Before HAYS and FEINBERG, Circuit Judges, and BLUMENFELD,* District Judge.

HAYS, Circuit Judge:

This is an appeal from a judgment of the United States District Court for the Eastern District of New York convicting appellant upon a jury's verdict of possession of counterfeit bills in violation of 18 U.S.C. § 472 (1964). The indictment charged appellant in three counts, the first two for possession and sale on June 20, 1968 and a third for possession on June 28, 1968. Appellant was acquitted on counts 1 and 2, but convicted on count 3. We affirm that conviction.

The evidence produced by the government tended to prove the following:

On June 18, 1968, one Miller, a special agent of the United States Secret Service, was introduced to the appellant at appellant's service station in Brooklyn by an informer. Arrangements were made for the purchase of counterfeit bills and on June 20, 1968 the transaction took place as planned. On June 24, 1968, Agent Miller arranged by telephone to make another purchase of bills, and on June 28, Miller again went to appellant's service station accompanied by Special Agent Moore. Agent Moore observed appellant holding counterfeit bills immediately before the arrival of other agents who arrested appellant and pretended to arrest Agents Miller and Moore. Appellant was convicted for possessing, on June 28, counterfeit bills.

Appellant claims that he was denied a fair trial when the prosecutor was allowed on redirect examination to elicit from two government agents the testimony that the informant's identity was not being disclosed in order to protect her safety. Any prejudice which might have resulted from this testimony was corrected when, in response to a question by the court, one of the agents stated that he had no reason to believe that the *defendant* would have harmed the informant had she appeared. The court charged the jury to accept this statement and to exclude any unfavorable inferences which might have been drawn from the previous testimony. This instruction was sufficient to correct any error that may have occurred.

Appellant claims that reversible error was committed when the court curtailed the direct examination of appellant as to his work experience and financial background. Appellant's counsel

---

* Of the United States District Court for the District of Connecticut, sitting by designation.

sought to establish that appellant's service station was worth $15,000 and to prove the exact income which appellant earned from operation of the station. Failure to allow these questions was harmless, since counsel had already established that appellant was a respectable working member of the community. Appellant was permitted to testify that he was the owner of a gasoline station, that he had continuously drawn a salary from its earnings since 1966, and that he had regularly filed income tax returns. He also testified as to his employment prior to 1966 and had three character witnesses testify as to his honesty and integrity. We thus find that refusal to allow these somewhat repetitious questions does not constitute sufficient ground for reversal.

■ At the trial, defense counsel pointed out certain inconsistencies between the grand jury testimony of Agent Miller and his trial testimony. For example, Miller testified before the grand jury that Moore had counted the money received from the appellant, whereas at trial he testified that appellant counted the money. The argument is now made that the trial court committed reversible error in refusing to charge that statements made by a witness on a prior occasion under oath may be considered as evidence in chief under *United States v. DeSisto,* 329 F.2d 929 (2d Cir. 1963). We find no merit in this argument since either version of the testimony in question fully implicates the appellant as a seller of the bills. The inconsistency is relevant only to the issue of the credibility of the agents. There was no error in refusing to give the requested charge.

■ Finally, appellant argues that the prosecutor so overstepped the proper bounds of comment in his summary that reversible error was committed. Appellant specifically complains of the following remarks:

> "* * * Who is he that four agents, four men—forget about the facts that they are agents—but four men would take the witness stand and commit perjury? Who is citizen Giordano? Is he the dirtiest man in town that these men would risk their reputations, possibly go to jail, take the stand and commit perjury? Do you believe that story, Ladies and Gentlemen? Or does common sense, does all reason dictate to you that this man is a phony and he is a liar?"

While such emotional commentary is certainly not commendable we find in view of the particular circumstances of this case that the remarks are not so excessive as to require a reversal. Defense counsel suggested at some length that Agent Miller gave false testimony and that he and the other agents arrested appellant instead of his brother because they needed an arrest "* * * for some financial advantage in the future." Among the things which were said are the following:

> "Of course, a successful prosecution, ladies and gentlemen, that goes into your personnel jackets. It does not hurt you when there is an advance in grade.
>
> \* \* \* \* \* \*
>
> "I hate to say that agents go out and deliberately frame somebody.
>
> "Don't say it has never happened, ladies and gentlemen. It has happened.
>
> \* \* \* \* \* \*
>
> "And I say particularly to Agent Miller, take heed to those words and start saving yourself, and forget about a possible advancement in grade."

When viewed against the background of defense counsel's provocatory statements, the remarks lose much of their vehemence.

Affirmed.